UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DALE ORLOWSKE<br>146 Lookout Point Way<br>Linden, VA 22642<br><br>    Plaintiff,<br><br>  v.<br><br>SYLVIA MATHEWS BURWELL, SECRETARY,<br>U.S. DEPT. OF HEALTH AND HUMAN SERVICES<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201<br><br>    Defendant. | Case No.: _____<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff, Dale Orlowske, by way of his attorney, Morris E. Fischer, Esq., hereby states the following complaint, on information and belief formed after reasonable inquiry under the circumstances, against Defendant:

## **PARTIES**

1. Plaintiff, Dale Orlowske, was an employee of the U.S. Department of Health and Human Services from July 2013 to October 2015.

2. Defendant, Sylvia Mathews Burwell, in her official capacity as Secretary for the U.S. Department of Homeland Security.

## **JURISDICTION AND VENUE**

3. Plaintiff is a resident of Linden, Virginia.

4. Defendant does business at the U.S. Department of Health and Human Services, 200 Independence Avenue, S.W., Washington D.C. 20201.

1

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for claims arising under federal law, i.e., the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et. seq.

6. At all times relevant to this case, Defendant has been an "employer" as defined by 42 U.S.C. § 2000e(b).

7. The District of Columbia is where the actions complained of in the present case took place, where the relevant employment records relevant to the alleged unlawful practices were kept, and where Defendant has its principal place of business.

8. Venue is vested in this Court, since the facts giving rise to this case took place in the District of Columbia.

## FACTS

9. Plaintiff, Dale M. Orlowske, was a GS-0132-14 Senior Intelligence Operations Specialist in the Office of Security and Strategic Information for the Department of Health and Human Services.

10. Plaintiff started working as a GS-14 Intelligence Operation Specialist for the Office of Security and Strategic Information for the Department of Health and Human Services in July 2013.

11. Plaintiff date of birth is May 1, 1960.

12. The Director of Counterintelligence GS-0132-15 position vacancy was advertised as a Job Announcement on August 14, 2014.

13. Plaintiff applied for the position through the USA Jobs web site on August 14, 2014.

14. Plaintiff received a notification that his name had been referred as qualified for the position.

15. On September 4, 2014, Plaintiff received notification that he was not selected for the Director of Counterintelligence position.

16. Plaintiff was notified that Daniel Chapple was selected for the Director of Counterintelligence position.

17. Daniel Chapple (Mr. Chapple) date of birth is November 13, 1978.

18. On September 15, 2014, Plaintiff contacted an EEO counselor to complain of age discrimination concerning his non-selection to the Director of Counterintelligence position.

19. Mr. Chapple became Plaintiff's supervisor in October 2014, a month after he was selected to the Director of Counterintelligence position.

20. Mr. Chapple became aware of Plaintiff's EEO activity soon after he became Plaintiff's supervisor.

21. Plaintiff filed his formal complaint of age discrimination on October 10, 2014.

22. On November 25, 2014, Plaintiff sent an email notifying OSSI management that he may have difficulty coming to work on November 26, 2014 because of an impending snowstorm.

23. On November 26, 2014 at 3:33 a.m., Plaintiff emailed Mr. Chapple notifying him he would not come to work due to the snow.

24. Later that day, Mr. Chapple responded by stating that the Agency cannot be burdened because of where Mr. Orlowske lives and by threating Plaintiff with possible AWOL status.

25. On December 23, 2014, Mr. Chapple drafted and issued Mr. Orlowske a letter of proposed suspension of fourteen days without pay.

26. Mr. Chapple knew of Plaintiff's EEO complaint before drafting the letter of proposed suspension of 14 days without pay.

27. The letter of proposed suspension alleged that Mr. Orlowske authorized parking at the Humphrey Building HHS parking facility for Ronald Nesbit, a contractor employee associated with another Federal Agency.

28. The letter also alleged the Mr. Orlowske provided false information by representing himself as Ronald Nesbitt's supervisor.

29. Mr. Orlowske's previous supervisor, Mr. Ricky Hill, instructed Mr. Orlowske to issue parking passes to Mr. Nesbitt.

30. Mr. Orlowske's tasks of issuing parking passes to contractors had been on his calendar since February 2014.

31. Mr. Korey Whalen was the deciding official for the proposed suspension.

32. Mr. Whalen previously provided an affidavit to the EEO investigator for Mr. Orlowske's age discrimination complaint concerning his non-selection to the Director of Counterintelligence position. .

33. Mr. Orlowske, through his attorney, submitted a response to the proposed suspension to Mr. Whalen on December 24, 2014.

34. In his response submitted to Mr. Whalen, Mr. Orlowske's indicated that he filed an EEO complaint based on age discrimination.

35. Mr. Whalen issued his final decision on January 12, 2015, deciding to suspend Mr. Orlowske for fourteen days.

36. Mr. Whalen knew of Plaintiff's EEO Complaint before issuing a final decision to suspend Plaintiff for fourteen days.

37. Mr. Orlowske was suspended from government service without pay from January 18, 2015 through January 31, 2015.

38. On January 15, 2015, Plaintiff amended his EEO complaint to allege that he subjected to retaliation because of his prior EEO activity when he was issued the letter of proposed suspension, the final decision of proposed suspension, and then suspended 14 days without pay.

39. The Agency completed its investigation of Plaintiff's claims on April 27, 2015.

40. One hundred and eighty days have passed since Plaintiff filed his complaint and the Agency has not issued a decision.

41. Plaintiff has exhausted his administrative remedies.

## COUNT I
## RETALIATION IN VIOLATION OF THE ADEA

42. Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

43. Plaintiff was retaliated against by Defendant, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et. seq., by being suspended 14 days from government service without pay.

44. Defendant's aforementioned action against Plaintiff was taken in retaliation for opposing unlawful employment practices in violation of 29 U.S.C. § 621(d).

45. Plaintiff engaged in protected activity by filing an EEO complaint on age discrimination.

46. Defendant was aware of Plaintiff's protected activities.

47. The aforementioned actions caused tangible harm to Plaintiff in that they affected the terms, conditions and privileges of his employment when it suspended Plaintiff from duty for 14 days without pay.

48. Plaintiff's protected activity was the cause of Defendant's aforementioned actions.

49. Other similarly situated employees who did not participate in such complaints were not subject to the same conditions of employment as Plaintiff.

50. A causal connection exists between Defendant's aforementioned actions and Plaintiff's protected activity.

51. Defendant's action caused Plaintiff monetary damages.

52. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, illnesses related to stress, and other damages.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff demands:

A. Award Plaintiff all earnings and other job benefits he would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, lost wages, bonuses, and other benefits of employment;

B. Remove all negative reviews, restrictions, papers, from Plaintiff's personnel file.

C. Award Plaintiff liquidated damages in an amount to be shown at trial, including past and future economic and non-economic losses, and compensation for the extreme emotional distress and mental anguish, impairment of quality of life, and consequential losses he has suffered;

D. Award pre-judgment and post-judgment interest;

E. Award Plaintiff his attorney's fees and costs of suit; and

F. Grant such other relief as the Court deems just and proper.

Respectfully Submitted,

_____
Morris E. Fischer
Morris E. Fischer, LLC

        DC Bar No. 490369  
        1400 Spring Street, Suite 350  
        Silver Spring, MD 20910  
        301-328-7631 Office  
        301-328-7638 Fax  
        Attorney for Plaintiff

## JURY DEMAND

Plaintiff herein demands a jury for all issues to be tried in this case.

Respectfully Submitted,

Morris E. Fischer, Esq.
DC Bar No. 490369
1400 Spring Street, Suite 350
Silver Spring, MD 20910
(301) 328-7631 phone
(301) 328-7638 fax
Attorney for Plaintiff